<hr />

### LOCKER et al. v. HANCE.

(Supreme Court, Appellate Term. April 13, 1910.)

APPEAL AND ERROR (§ 1170*)—AFFIRMANCE—DISREGARDING ERRORS.

Judgment for plaintiffs in an action to foreclose a lien on a chattel cannot be affirmed, under the rule of disregarding technical errors and doing substantial justice; the evidence being that plaintiffs sold the article of furniture to defendant's wife, not made a party, on a conditional sale agreement, not showing that she signed his name to the agreement, or had authority to act for him, and the action not being on the theory that the article was a necessary of the wife, and the evidence showing he had sufficiently supplied her with necessaries.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julius Locker and another, doing business as J. & B. Locker, against William J. Hance; the first name, "William," being fictitious and the real first name unknown to plaintiffs. From a judgment for plaintiffs, defendant appeals. Reversed and dismissed.

Argued before SEABURY, LEHMAN, and GAVEGAN, JJ.

George L. Lewis, for appellant.
Benjamin Locker, for respondents.

SEABURY, J. Plaintiffs commenced an action against the defendant to recover a balance alleged to be due for goods sold and delivered. The complaint was amended, so as to convert the action into one to foreclose a lien upon a chattel. When the case was concluded, the plaintiffs had proved that they sold furniture to the defendant's wife under a conditional sale agreement. The plaintiffs failed to show that the wife signed her husband's name to the agreement, or that she had any authority to act for her husband.

Notwithstanding the proof, the return shows that the court "rendered as on a lien judgment in favor of the plaintiffs." The form of the judgment was consented to and is called by counsel a "special form of judgment." Even the injunction to disregard "technical errors and defects" and do "substantial justice" cannot close our eyes to the fact that the defendant was not a party to the conditional sale

<hr />

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

agreement upon which he has been held liable, and that his wife, whose property has been held to be subject to the plaintiffs' lien, is not a party to the action. Nor is the plaintiffs' theory, that the furniture was a necessary of the wife, adequate to the task of securing the affirmance of this judgment. Not only was the action not brought upon this theory, but the evidence shows that the defendant had sufficiently supplied his wife with necessaries.

Judgment reversed, with costs, and complaint dismissed. All concur.